

# Privacy Act Data Cover Sheet

To be used on all documents containing personal information

## DOCUMENTS ENCLOSED ARE SUBJECT TO THE PRIVACY ACT OF 1974

Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the performance of their official duties. Deliver this/these document(s) directly to the intended recipient. **DO NOT** drop off with a third-party.

The enclosed document(s) may contain personal or privileged information and should be treated as "For Official Use Only." Unauthorized disclosure of this information may result in **CIVIL** and **CRIMINAL** penalties. If you are not the intended recipient or believe that you have received this document(s) in error, do not copy, disseminate or otherwise use the information and contact the owner/creator or your Privacy Act officer regarding the document(s).

## Privacy Act Data Cover Sheet

DD FORM 2923, SEP 2010

000001

# INVESTIGATIVE FILE



DON 17-3258A-02202
AGENCY NUMBER

William Powell
COMPLAINANT

Norfolk Naval Shipyard,
Portsmouth, VA
ORGANIZATION FILED AGAINST

Department of the Navy
COMPONENT FILED AGAINST

> **WARNING:** All information contained in this Investigative File is protected by the Privacy Act of 1974 and must be dealt with accordingly.

# DEPARTMENT OF DEFENSE
## DEFENSE CIVILIAN PERSONNEL ADVISORY SERVICE
## INVESTIGATIONS AND RESOLUTIONS DIRECTORATE

**000002**



**DEPARTMENT OF DEFENSE**
DEFENSE CIVILIAN PERSONNEL ADVISORY SERVICE
INVESTIGATIONS AND RESOLUTIONS DIRECTORATE

MEMORANDUM FOR DEPARTMENT OF THE NAVY
    NAVAL FACILITIES ENGINEERING COMMAND
    NORFOLK NAVAL SHIPYARD, BUILDING 491
    PORTSMOUTH, VA 23709-1044

SUBJECT: Complaint of: WILLIAM POWELL
    Agency Case Number: DON- 17-3258A-02202

    The Investigative File, including the Report of Investigation, for the subject discrimination complaint is provided for appropriate action.

    All investigative files are covered by the Privacy Act of 1974, 5 U.S.C. Section 552a. An investigative file does not constitute a public record because of its coverage under the Privacy Act. Access to or release of complaint files is controlled in accordance with the law to protect the privacy interests of the subjects and the integrity of the files. Therefore, if you release copies of this file or any part of it, you must ensure the information released does not violate the Privacy Act. However, the original file must not be sanitized, so that deciding officials and adjudicators can completely review and properly adjudicate the case.

    As a reminder, the Equal Employment Opportunity Commission's Management Directive 110, Chapter 6, Section IV.B prohibits investigators from making or recommending a finding of discrimination.

    Questions may be directed to (210) 308-1942 or (703) 402-4153.

*Tricia Martin*
Tricia Martin
Chief, Navy Component

Attachments:
Investigative File

RECEIVED NOV 20 2017
(via Fed Ex)

000003

## REPORT OF INVESTIGATION

**Agency Number:**  DON-17-3258A-02202

**Activity Filed Against:**  Department of the Navy
Norfolk Naval Shipyard
Portsmouth, VA

**Complainant's Name and Address:**  William Powell
1333 Mount Vernon Avenue
Portsmouth, VA 23707

**Representative's Name and Address:**  Neil Bonney, Esq.
Bonney, Allenberg & O'Reilly, P.C.
4854 Haygood Road, Suite 200
Virginia Beach, VA  23455

**Date Complaint Filed:**  June 19, 2017

**Dates of Investigation:**  September 14, 2017 to November 3, 2017

**Claim:**
Was Complainant subjected to discrimination based on reprisal (prior EEO complaint number DON-16-3258A-00352), race (African-American), and age (53, born April 22, 1964), by Mr. Nathan Lockhart, Ms. Samantha Santee, and Mr. Charles Wheatley, when on May 4, 2017, he became aware he was not selected for a GS-1670-12 Equipment Specialist position, job announcement number STE-10004990-17-DC-542102-M (Investigative File [IF] pages [pp] 56-57)?[1]

## PART I – BACKGROUND

Complainant has been a Quality Assurance Specialist (QAS), GS-1910-11, at the Norfolk Naval Shipyard, Norfolk, VA. He applied to a posting for an Equipment Specialist, GS-1670-12, was interviewed, and was not selected (see Complainant's position description (PD) at IF pp 117-120; see USAJobs posting at IF pp 97-113; see list of candidates interviewed at IF page [p] 132; see Complainant's notice of non-selection at IF p 259).

The selection panel consisted of Mr. Lockhart, Director of the Compliance Division/Supervisory Equipment Specialist, GS-1670-14, Navy Crane Center, Portsmouth, VA. Ms. Santee, Supervisory Engineer, GS-0801-13, In-Service Engineering Division, Navy Crane Center, Portsmouth, VA, and Mr. Wheatley, Equipment Specialist, GS-1670-13, Compliance Department, Navy Crane Center, Newport News, VA, were the other panel members (see document identifying panel members at IF p 152; see position information at

---

[1] The incident above was re-described from the incident reflected in the Notice of Acceptance, in order to more concisely identify the action at issue.

**000004**

70, 78, 84, 302).

**Amanda Wynn (race-White, born-1982, no prior EEO activity)**, QAS, GS-1910-11, was the Selectee (see certificate of eligibles at IF pp 126, 128; see Standard Form 50 at IF p 261; see workforce profile at IF p 302; see resume at IF pp 167-174).

For information pertaining to witness participation, see the Investigator's Declaration (IF p 304).

## PART II – SUMMARY OF EVIDENCE

### Complainant's testimony and documentary evidence

Complainant states he applied for the position at the Navy Crane Yard in January 2017, was selected to interview and feels he did well in the interview. He states the questions the panel members asked were relevant and he knew them all as he performed all the duties of the position (IF pp 63-64; see PD of position at IF p 115; see Complainant's resume at IF pp 158-165).

Complainant states he worked in the same office as Selectee and is aware of her qualifications, which he feels are well below his. He states his duties go beyond hers because he has been in the position longer than she has. He states he audits, performs Quality Assurance (QA), and tests cranes in the Shipyard; and Selectee just did auditing for the crane program (IF p 63).

Complainant states he filed a prior complaint on October 29, 2015, and it is ongoing. He states Mr. Lockhart and Mr. Wheatley are aware of that complaint, and he feels he has been subjected to reprisal for this complaint (IF p 62; see record of Complainant's prior EEO activity[2] at IF p 122).

Complainant feels his race was a factor in his non-selection because Selectee is Caucasian and has less experience than he has. He states the Crane Yard does not have many minorities. He feels his age was a factor because everyone hired is younger than he is (IF p 64).

### Management's testimony and documentary evidence

**Mr. Lockhart (Caucasian, born 1979)** states he was both the selecting official and a panel member. He developed a matrix of each candidate's experience based on the resumes he received from Human Resources. He states the matrix included factors such as time working on equipment, time testing cranes, audit or QA, how many years working under the Navy program and so on. He then used this matrix and reviewed the resumes to determine the six best candidates. He asserts Complainant's resume reflected he is a test director, had been an inspector and an electrician, but did not reflect any experience with auditing. Despite this, Complainant was selected to be interviewed (IF pp 70-72, 74; see Mr. Lockhart's justification for selecting interview candidates at IF pp 131-133).

Mr. Lockhart testifies he also developed the questions that would be asked by the panel in the

---

[2] According to information provided by the EEO Office, Mr. Lockhart and Mr. Wheatley were not named in the prior complaint (IF p 122).

2

**000005**

interviews. He test-ran the questions with members of his staff to ensure the questions were fair and answerable from the position level. Four of the questions contained a scenario because he was trying to look for someone who could situationally react to an unexpected problem or situation. He states he was not necessarily looking for the right answer, but for answers that were rationally focused and for the individual to respond appropriately when they needed more information (IF pp 72-73; see interview questions at IF pp 135-142).

Mr. Lockhart provided the resumes to the panel members and they went on to the interview process. He states each candidate was asked the same six questions sequentially and the questioning rotated through the panel members. He states each of them asked two questions and at the end they offered each candidate the opportunity to ask questions of them concerning the position, the organization and the interview (IF p 72).

Once the interviews were complete, Mr. Lockhart states they individually scored the interviews based on their notes and the predetermined scoring criteria and then came back together to compare individual question scores and make sure they were similar for each panel member. In the end, Mr. Lockhart states, the Selectee was the top scoring candidate (IF p 72; see interview questions scoring criteria at IF pp 144-150; see Mr. Lockhart's interview notes at IF 233-238; see Ms. Santee's interview notes at IF pp 240-245; see Mr. Wheatley's interview notes at IF pp 247-255; see ratings and rankings at IF p 257).

Mr. Lockhart states Selectee did well on all of the questions but the one that stood out the most was the last question. He remembers she started out by asking for specifics to understand the problem, while the other interviewees made assumptions. He states part of this process was to see if the candidates would understand they just could not assume things (IF p 73).

Mr. Lockhart states Complainant was fifth out of six for him and Ms. Santee, and sixth out of six for Mr. Wheatley. He states Complainant could have done better. A few things that stand out in his mind include the facts that Complainant made a lot of assumptions on question 6 and changed some of the facts. He states that is not a good thing for someone who is evaluating or auditing a program. He remembers Complainant was weak in his answer to question 2 about the definition of program management, and he got some specifics mixed up on question 1 about the difference between Quality Assurance and Quality Control (IF pp 73-74).

Mr. Lockhart agrees that Complainant may have had more years on the job and clarifies he uses that when he goes to determine the top candidates to interview; but in the interview he is looking for an auditor or evaluator who can provide oversight and bring back deficiencies and tie them into larger programmatic issues. He states years on the job does not tell him that a candidate can think and apply that knowledge and experience to different situations (IF p 74).

Mr. Lockhart testifies that race, age and prior EEO activity had nothing to do with who was selected for this position. He has several African Americans who work for him and most of the people who work for him are about Complainant's age. He states while he was aware of Complainant's prior EEO activity, that had no bearing either, as the selection was just based on the interview questions and how well the candidates performed compared to the predetermined scoring criteria (IF p 75).

Powell, 17-3258A-02202

Mr. Lockhart states he has sat on seven panels in the prior two years, but not all have resulted in a hiring action. In Norfolk, one Caucasian and one African American were selected. In Bremerton, WA, two Caucasians were selected. In San Diego, there were two selectees: one Caucasian and one Hispanic. He is not aware of any of the selectees' ages, but believes most are younger than Complainant. He states he is also not aware of any prior EEO activity (IF pp 75-76; see competitive selections made by panel members in the past two years at IF pp 270-272).

**Ms. Santee (White, born 1980)** states Mr. Lockhart asked her to participate on the panel. She did not score the resumes but they were used by Mr. Lockhart as a means of establishing who would be interviewed. She states the selection was made based entirely on how well the applicants did in the interview (IF pp 79-80).

Ms. Santee remembers the applicants came in one at a time over two days. Each panel member had been provided with the six questions and the score sheet of how the answers were to be weighted. Mr. Lockhart came up with the criteria and they were looking for technical competency, ability to answer the questions, ability to remain composed during the interview, and knowledge on the subject. She states each applicant was asked the same questions (IF p 80).

Ms. Santee states they scored each candidate individually and then discussed and compared their individual rankings to see if they were similar; and then they selected the individual with the highest score (IF p 80).

Ms. Santee testifies Selectee was composed during the interview, had a significantly higher score than the other interviewees, and a strong technical background and knowledge of the job. Selectee was her highest ranked candidate and Complainant ranked second to last (IF pp 80-81).

Ms. Santee states since she did not see the resumes, she was unaware of how much experience each candidate had, and Selectee presented herself better in the interview and seemed to have a better understanding of the requirements of the position than did Complainant and the others. Complainant gave a poor answer to at least one question when he was asked what he would do if he found an issue, and he responded that he would shut down the job. She states that would not be the first avenue they would use. She also feels he could have had more familiarity with Navy Crane Center documents that are used in the position and for auditing purpose (IF p 81).

Ms. Santee attests there are minorities at the Navy Crane Center, including several in this department, and people older than Complainant as well. Ms. Santee states she had never met Complainant before and was not aware of his prior EEO activity, but vouches race, age and prior EEO activity had nothing to do with the selection decision (IF pp 79, 81-82).

Ms. Santee states she has only been on one other selection panel and the selectee was White, in their mid-30s and she is not aware of any prior EEO activity (IF p 82).

**Mr. Wheatley (Caucasian, born 1964)** confirms what Mr. Lockhart and Ms. Santee said about

4

**000007**

Powell, 17-3258A-02202

how the interviews were conducted. He states they wanted to see how the candidates would react in different scenarios and remembers Selectee was the top candidate for all three of them. He states in his scoring, Complainant was six out of six. He clarifies Selectee scored 71 out of 100 points and Complainant scored 44 out of 100 points (IF pp 85-86).

Mr. Wheatley states he did not see anyone's resume, and indicates years on the job is not a good measure of how well someone will perform on the job. He attests Selectee had a greater grasp of the base requirements than the other candidates, and a better grasp of how to deal with conflicts, either internal or at the facility she would be evaluating. He states Complainant's answers were too narrow and his approach with the activities too argumentative. Complainant needed to broaden out his answers and needed a more global way of addressing problems (IF p 86-87).

Mr. Wheatley states he was aware Complainant had a prior EEO complaint but not what it was about and that EEO was not discussed. He states the selection was about finding a good fit for the position and age did not matter. They recently hired someone in the San Diego office who is older than Complainant. He testifies two or three of the last five people they have hired have been African American, but that none of these things mattered and instead Complainant was not selected based on his performance in the interview (IF p 88).

**Complainant's rebuttal**
Complainant rebuts what Mr. Wheatley stated about him being argumentative and states he does know how to carry himself in a professional manner. He feels in the scenario he was presented, he was able to identify the problem and then he asked what they did to correct the problem. He states he did not like their answer so he suggested another way to come up with a solution. In response to what Ms. Santee stated, he felt that scenario involved a safety issue which is why he stated he would shut down the job. While that might not have been the response they were looking for, overdoing something to prevent an incident cannot be wrong (IF p 67-68).

**Other witness testimony**
**Larry G. Lincoln, Jr.** (Black, born 1953, prior EEO activity), Equipment Specialist, GS-9[3], Lifting and Handling, Code 700, Navy Crane Center, Norfolk Naval Shipyard, Portsmouth, VA, works in the same department as Complainant, but in a different section (IF pp 91-92).

He states years ago, when both were mechanics, they worked together, and he states Complainant was very reliable and easy to work with. Over the years, he maintains, as they both moved up the chain, they worked in many different positions, and he feels because of this Complainant has seen pretty much the "whole nine yards" at the Yard. He feels that to be qualified for the position at issue an employee would have to have both time and experience, and that since Complainant has been there for 18 years it makes no sense that he has been passed over for this job (IF pp 92-93).

Mr. Lincoln knows Selectee from when she was an apprentice in his Code and states she is

---

[3] Witness does not remember his series.

5

**000008**

Powell, 17-3258A-02202

intelligent and positive. He remembers her as being pretty on point, but states Complainant has more time in service than she does (IF p 93).

Mr. Lincoln says while people of color get promoted to work leaders and supervisors, he has not seen or heard of anyone of color being promoted from Code 700 over to the Crane Center in the 30 years he has been there. He states all people of color who have applied have been turned down. He feels the fact that people who have been on the job longer often are not chosen for promotions shows there is no loyalty at the Shipyard and the Crane Center does what it wants (IF pp 93-94).

Mr. Lincoln believes Complainant was discriminated against on the basis of his race because of the past history at the Crane Center. He does not believe Complainant was discriminated against based on his age, but does feel that people who file EEO complaints do not get hired (IF p 94).

Leigh Dempsey
EEO Contract Investigator

6

**000009**

# INDEX
Investigative File
Complaint of William Powell
Agency Number 17-3258A-02202

 **PAGE**

**EXHIBIT A – Formal Complaint Documents**
Formal Complaint of Discrimination (with attachment) ........................................................1

**EXHIBIT B – EEO Counseling Documents**
1. EEO Counselor's Report (with attachments)...........................................................5
2. Notice of Rights and Responsibilities.....................................................................35
3. Notice of Right to File a Formal Complaint of Discrimination..............................42

**EXHIBIT C – Claims to be Investigated**
1. Notice of Receipt ....................................................................................................51
2. Notice of Acceptance .............................................................................................55

**EXHIBIT D – Attempts at Resolution**
Reserved.........................................................................................................................58

**EXHIBIT E – Appellate Activity**
Reserved.........................................................................................................................59

**EXHIBIT F – Evidence**

**Testimony**
1. Complainant's testimony ........................................................................................60
   a. Declaration of Complainant, dated September 26, 2017 .................................61
   b. Complainant's Rebuttal Declaration, dated October 12, 2017 ........................66
2. Declaration, Nate Walter Lockhart, October 2, 2017.............................................69
3. Declaration, Samantha Santee, October 5, 2017 ....................................................77
4. Declaration, Charles Andrew Wheatley, September 27, 2017 ...............................83
5. Declaration, Larry G. Lincoln, Jr., October 3, 2017...............................................90

**Nonselection**
6. USAJobs Announcement No. STE-10004990-17-DC-542102-M .........................96
7. *Position Description, Equipment Specialist, Navy Crane Center.......................114
8. Complainant's Position Description, Quality Assurance Specialist, GS-1910-11 ....116
9. Complainant's prior EEO activity ........................................................................121
10. Certificates of Eligibles........................................................................................123
11. *Justification for Selecting Interview Candidates ...............................................130
12. *Interview Questions ...........................................................................................134
13. *Interview Questions scoring criteria ..................................................................143
14. Documentation identifying Selecting Official and Panel Members ....................151
15. Request for Personnel Action, Standard Form (SF) 52, Recruit/Fill...................153
16. Complainant's resume ..........................................................................................157

# INDEX
Investigative File
Complaint of William Powell
Agency Number 17-3258A-02202

17. Selectee Amanda Wynne's resume...................................................................166
18. Resumes of other candidates..............................................................................175
19. *Nate Lockhart's notes from interviews............................................................232
20. *Samantha Santee's notes from interviews ......................................................239
21. *Chuck Wheatley's notes from interviews .......................................................246
22. Ratings and rankings of interviewed candidates................................................256
23. *Notification to Complainant of non-selection..................................................258
24. Partially completed Standard Form (SF) 50 effectuating the selection .....................260
25. Competitive selections made by panel members in past two years..........................269
26. Merit Staffing Policy..........................................................................................273

**Organizational and Statistical Data**
27. Organizational Charts, Navy Crane Center Organization...........................................296
28. Workforce Profile, Compliance Division, Navy Crane Center ................................300

**Miscellaneous Items**
29. Investigator's Declaration...................................................................................303

**EXHIBIT G – Documents Relating to Processing of Investigation**
General correspondence and related documents..............................................305

**EXHIBIT H – Documents Relating to Compensatory Damages**
Request for Compensatory Damages................................................................378

*\*Denotes document(s) relocated from EEO Counselor's Report*

Agency sources provided the documents found in this file unless otherwise indicated. These documents have not been altered, unless indicated. Efforts were made to remove duplicate documents; however, duplicate documents may still exist within the case file.